### ROOF MAINTENANCE SERVICE v. RABE et al.

### No. 3719.

Court of Civil Appeals of Texas. Beaumont.
Jan. 31, 1941.

Rehearing Denied Feb. 12, 1941.

Glenn Faver, of Jasper, for appellant.

Synnott & Smith, of Jasper, for appellees.

O'QUINN, Justice.

This suit was filed in District Court of Jasper County by appellants, J. H. and Harry Haynes, doing business as partners under the name of Roof Maintenance Service, against appellees, Miss Etta Rabe, H. C. Rabe, and J. R. Rabe, praying for judgment on a promissory note in the sum of $574.90, dated June 21, 1938, payable in monthly installments of $15.97 each, installment number one maturing on August 1, 1938, and for foreclosure of a mechanic's lien on certain property described in the petition executed by Miss Etta Rabe to secure the amount of the note. We give the following material portions of the mechanic's lien contract:

(a) "It is understood and agreed that the above described note provides for ten percent attorney's fees in the event same is placed in the hands of an attorney for collection, or collected through any courts, and further provides for accelerated maturity for failure to pay any installment of principal or interest thereon when due, or the failure to pay any installment of principal or interest on any prior encumbrance on said property, or failure to keep said property insured or to pay any taxes when due, and being additionally secured by a Deed of Trust of even date herewith to Trustee.

(b) "It is stipulated and agreed that the taking of the possession by parties of the first part of the improvements to be erected either before and after same has been completed shall constitute a full and complete acceptance of same by parties of the first part, and the lien herein created shall be valid and enforceable lien for the full amount of the above described note and parties of the first part by taking such possession shall then and there waive all defenses, offsets, and counter claim to such indebtness and the lien securing same, and

the same shall become valid and enforceable for the full amount of said note.

(c) "It is understood and agreed that a failure to complete said improvements in accordance with said contract and plans and specifications, shall not make this Mechanic's lien void in whole but the lien shall be a valid lien for such labor and material as may be actually put upon the premises or in the event any Assignee shall acquire said note and lien, then such Assignee shall have a valid lien upon said premises for the amount paid by it or him for said note, or such Assignee shall be given the right to complete said improvements according to the plans and specifications and shall in that event have a valid lien for the full amount of said note."

Appellant also plead that the first installment on the note had been paid, that no other installment had been paid, that exercising the option given in the note they had declared all unpaid installments due, and that appellees had become liable for attorney's fees, etc.

Appellees answered by general and special demurrers, general denial, and specially denied that the improvements were made by appellants according to the contract. It was specially plead the building described in the contract was not improved according to the terms of the contract, but was torn down and rebuilt by appellants.

Appellants by supplemental petition specially plead that the contract was changed by agreement between them and Miss Rabe, and on a new consideration in the amount of $400, additional work was done on the building, and that the $400 additional consideration had been paid.

The case was submitted to the jury on the following special issues answered as indicated:

"Issue No. 1. Do you find from a preponderance of the evidence that the defendant, Etta Rabe, ratified the act of Plaintiff in constructing the building in the manner it did?" To which the jury answered "Yes."

"Issue No. 2. Do you find from a preponderance of the evidence that the defendant, Etta Rabe, reentered her home immediately after the completion of the work is any?" To which the jury answered "Yes."

"Issue No. 3. What amount of money if any, do you find from a preponderance of the evidence is due the plaintiff for services

rendered the defendant herein?" To which the jury answered "$614.49."

"Issue No. 4. Do you find from a preponderance of the evidence that Etta Rabe was damaged by tearing down her house and rebuilding it instead of merely repairing the old house?" To which the jury answered "No."

"Issue No. 5. If you have answered the foregoing Issue No. 4 'Yes', and only in that event, then answer this question: 'What amount of money if any, do you find from a preponderance of the evidence will reasonably compensate Etta Rabe for damages, if any, for tearing down and rebuilding the old house instead of repairing it?'" To which the jury answered "None."

"Issue No. 6. Do you find from a preponderance of the evidence that the defendants agreed to pay the amount as stipulated by the note after the completion of building if any, by the plaintiff, in addition to the $400.00 already paid?" To which the jury answered "Yes."

"Issue No. 7. Do you find from a preponderance of the evidence that the plaintiff did 'repair, paint, paper, etc, (two) 12 x 14 rooms, two (2) 12 x 12 rooms, two (2) 6 x 8 rooms, two (2) 13 x 16 rooms and one (1) 8 x 14 porch, install fixtures in one (1) bathroom, partly install fixtures in one (1) bathroom, reroof entire house and porch, as agreed in the contract in writing introduced before you?'" To which the jury answered "No."

"Issue No. 8. Do you find from a preponderance of the evidence that Miss Etta Rabe, by taking possession of the house in controversy and placing furniture therein meant to accept the work as complying with the contract between the parties in evidence before you?" To which the jury answered, "Yes."

On the verdict, judgment was rendered in favor of appellees, from which appellants have duly prosecuted their appeal to this court.

■ On the verdict of the jury, judgment should have been in favor of appellants. Miss Rabe had authorized the changes in the original contract, and after the building had been inspected under her direction and after appellants had complied with all requirements made by her inspector, Miss Rabe took possession of the building, thereby giving effect to clause (b) of the mechanic's lien contract as copied above. If an issue of fact arose on her act in taking possession of the improved premises, that issue was resolved against her by the jury's answer to special issue No. 8.

■ Appellees were not entitled to judgment on the jury's answer to special issue No. 7. Under all the evidence, appellants and Miss Rabe changed the original contract by their mutual agreement, and the failure to do the work submitted by special issue No. 7, as called for in the original contract, constituted no defense. No issue was sent to the jury submitting any failure to comply with the contract under which the work was in fact done; that is, to comply with the contract as changed by the mutual agreement of the parties.

■ The fact that appellants plead the changed contract in their supplemental petition did not destroy their cause of action. They plead in their original petition the original contract and appellees' promise to pay for the work under the original contract. Answering the original petition, appellees plead that the work had not been performed as called for in the original contract. By their supplemental petition, appellants plead that the contract had been changed by mutual agreement, which was in due order of pleading.

Appellants concede that the amount found by the jury is excessive, and to cure that error make the following tender of remittitur: "In keeping with this contention plaintiff filed a remitter and now request the court that this cause be rendered in plaintiff's favor the same be for the amount of the note of $574.00 less the $15.67 installment plus interest, costs and 10% attorneys fees as stipulated in the contract."

■ On the third day of this month, after this case was submitted on the 2nd, appellees tendered to our clerk a supplemental transcript, which the clerk properly refused to file. Appellees tendered the supplemental transcript for filing without asking the permission of this court, and without praying for a writ of certiorari to correct the record.

The judgment of the lower court in favor of appellees is reversed, and judgment here rendered for appellants against appellees for the amount due on the note in issue, with foreclosure of the mechanic's lien. The clerk is directed to make the calculation as to the balance due on the note.

Reversed and rendered.